Howekd, J.
This is a suit against the Bank of Louisiana upon its certificate of deposit in favor, and payable to the order of, J.M. Tupery, endorsed specially to the order of the Jefferson City Railroad Company,- and in blank by Joseph Kaiser, with a character in German, affixed to his signature, shown to designate him as president.
The bank set up the general denial, and called Tupery, the depositor, in warranty, as claiming the ownership of the certificate, who answered, denying plaintiff’s right thereto, and alleging that, in a contract with' Kaiser, as president of the said railroad company, he had pledged the said certificate, but that, having fulfilled his said contract, the company *568 could not dispose thereof, and if it lias done so, it was in fraud of his rights, as plaintiff: well knew, and he prayed to be declared the owner of said certificate.
Judgment was rendered in favor of plaintiff against the defendant, and dismissing the call in warranty, from which Tupery has taken a devolutive appeal.
It is manifest that no obligation in warranty is set forth in the pleadings, and as the warrantor’s right to the certificate of deposit in suit, rests upon an alleged performance of his contract with a party to whom he assigned it in pledge, and who is no party to this proceeding, the Judge a quo decided correctly in not granting the prayer of his answer.
In strictness of pleading the judgment, dismissing the call in warranty, is in favor of the warrantor and appellant, while his demand cannot properly be viewed as an intervention or interpleading, not being conformable to the rules regulating such action. Intervention is by petition, which must be served on the party against which it is directed, and issue thereon joined. C. P. 389, 394.
With a call in warranty properly made, the plaintiff has necessarily no special concern, and the law directs that a judgment rendered in such case, if in favor of the plaintiff against the defendant, must be also in favor of the defendant against the warrantor for the indemnity due, and is executory on the part ok the plaintiff against the defendant, and on the part. Of the defendant against the warrantor. O. P. 385, 386.
Under the pleadings and evidence, the judgment below is correct.
It is therefore ordered that the judgment appealed from be affirmed, with costs.